IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michelle A. Maher, Ph.D., | ) |
| | ) C/A No. 3:10-2545-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **O R D E R** |
| The University of South Carolina, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff Michelle A. Maher is an Associate Professor of Higher Education Administration in the Department of Educational Leadership and Policies in the University of South Carolina College of Education. Plaintiff filed a complaint against Defendant the University of South Carolina on September 29, 2010, asserting that (1) she was paid less than similarly situated male employees, in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (First Cause of Action); (2) she was retaliated against for exercising her rights under the Equal Pay Act (Second Cause of Action); and (3) she was subject to defamation because of false statements made by Defendant that portrayed Plaintiff as a "physical threat" (Third Cause of Action). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.[1]

On June 29, 2012, Defendant filed a motion for summary judgment as to the First Cause of Act (Equal Pay Act violation) on the grounds that Plaintiff (1) has not established a prima facie case of discrimination by showing that she was paid less than male comparators on account of her gender,

_____

[1] The case originally was assigned to the Honorable Cameron McGowan Currie and Magistrate Judge Joseph R. McCrorey, but was reassigned to the undersigned on October 21, 2011 and to Magistrate Judge Gossett on January 1, 2012.

and (2) cannot rebut Defendant's articulated, legitimate reasons for the alleged salary differentials. Defendant further moved for summary judgment as to the Second Cause of Action (retaliation) on the grounds that Plaintiff failed to establish causation or to rebut Defendant's legitimate, nonretaliatory reasons for its actions. In the same motion, Defendant moved to dismiss the Third Cause of Action (defamation) as barred by Eleventh Amendment immunity. Plaintiff filed a response in opposition to Defendant's motion on August 15, 2012, to which Defendant filed a reply on September 4, 2012.

On January 10, 2013, the Magistrate Judge issued a Report and Recommendation in which she recommended that Defendant's motion for summary judgment as to the First and Second Causes of Action be granted, and that Plaintiff's Third Cause of Action for defamation be dismissed without prejudice. No party filed objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by

reference.   Defendant's motion for summary judgment as to the First and Second Causes of Action

is granted.  Defendant's motion to dismiss the Third Cause of Action also is granted, and Plaintiff's

defamation claim is dismissed, without prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

January 31, 2013